IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DRAW EVENTS, LLC,** | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | No. 17-1050 |
| v. | : | |
| **COOPER'S FERRY PARTNERSHIP, INC.**, *et al.*, | : | |
| *Defendants*. | : | |

## ORDER

**AND NOW,** this 7th day of February, 2018, upon consideration of the "Motion to Intervene" filed by Hays Tug & Launch Services, Inc.; Pollution Solutions of New Jersey, LLC d/b/a River Services, Inc.; McAllister Towing of Philadelphia, Inc.; and General Marine & Industrial Services, Inc. (collectively, "Movants") (Doc. No. 27), correspondence from counsel for Defendants indicating that this matter has been settled (Doc. No. 29), and correspondence from Movants requesting that this matter not be dismissed pursuant to Local Rule of Civil Procedure 41.1(b) before the Motion to Intervene has been decided (Doc. No. 30), I find as follows:

1. Plaintiff is an event management company. Plaintiff alleges that Defendants—entities with a stake in an event that Plaintiff organized and managed pursuant to a "Services Agreement" between Plaintiff and two of the Defendants—failed to pay invoices of certain vendors that Plaintiff retained to do work for the event. Plaintiff claims that Defendants' failure to pay these invoices violated the Services Agreement or a quasi-contractual duty that Defendants owed to Plaintiff. (Am. Compl. ¶¶ 13-30, 33-65.)

2. Movants are four of the vendors that Plaintiff retained, through separate agreements, to do work for the event. Movants seek to intervene in this action to assert breach of contract claims against Plaintiff for violating these separate agreements between Plaintiff and each of the Movants. (Mot. to Intervene ¶¶ 1-9, 13-14; Id., Ex. A. ¶¶ 10-29.)

3. A court must grant a motion to intervene in an action if the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a)(2). However, "a mere economic interest in the outcome of litigation is insufficient to support a motion to intervene." Mountain Top Condo. v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d Cir. 1995) (distinguishing a "mere economic interest" in a lawsuit from a property interest in a "specific fund" at issue in the suit, such as a trust account).

4. Here, Movants do not claim a property interest in a specific fund. Rather, Movants merely contend that Plaintiff is indebted to them under their separate agreements with Plaintiff, and seek assurance that they will be paid from whatever proceeds follow from this action. This is insufficient to support mandatory intervention under Rule 24(a)(2). See Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 222 (3d Cir. 2005) (affirming district court that denied intervention in a declaratory judgment action regarding insurance coverage by individuals claiming entitlement to proceeds of the insured's policy, noting that movants had "no property interest" in the insurance policy, and that an "economic interest in the insurance proceeds . . . does not support intervention as a matter of right").

5. Movants alternatively seek permissive intervention under Federal Rule of Civil Procedure 24(b), which provides a district court discretion to allow a movant to intervene where it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

6. The breach of contract claims that Movants seek to assert against Plaintiff arise out of agreements that are separate and apart from the Services Agreement at issue in this case and which is the basis of Plaintiff's claims against Defendants in this action.

7. Even if it were enough to satisfy Rule 24(b) that Movants' claims arise out of their work on the event that is the subject of the Services Agreement, it is appropriate to deny permissive intervention as a matter of discretion, given that—just days after Movants filed their Motion to Intervene—Plaintiff and Defendants notified the Court that they have settled, such that the case may be immediately dismissed. See, e.g., United States v. Territory of the Virgin Islands, No. 1986-265, 2012 WL 5448195, at *2 (D.V.I. Nov. 7, 2012) (denying intervention where the motion was "fully briefed a mere twelve days prior to the parties' notification to the Court of their intent to settle"); Harris v. Pernsley, 113 F.R.D. 615, 624 (E.D. Pa. 1986) (denying permissive intervention where it "would cause undue delay and prejudice to the original parties," which had reached a proposed settlement).

8. Finally, there is no indication here that Movants cannot adequately protect their interests in a separate action. See Minersville Coal Co. v. Anthracite Exp. Ass'n, 58 F.R.D. 612, 614–15 (M.D. Pa. 1973) (denying movant intervention where the parties had settled and noting that the movant "ha[d] an adequate alternative remedy" through a separate action).

**WHEREFORE**, it is hereby **ORDERED** that:

- The "Motion to Intervene" (Doc. No. 27) is **DENIED.**

- This action is **DISMISSED** without costs, pursuant to Local Rule of Civil Procedure 41.1(b) and agreement of counsel for Plaintiff and Defendants.

- The Clerk of Court shall **CLOSE** this case.

        **BY THE COURT:**

        /s/ Mitchell S. Goldberg

        _____
        **MITCHELL S. GOLDBERG, J.**